# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

### CASE NO.:

LAURA HURLEY,
an Individual

      Plaintiff,

v.


HIDEAWAY COUNTRY CLUB
PROPERTY OWNERS'
ASSOCIATION, INC,

a Florida Not for Profit Corporation

_____ /

### COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

COMES NOW the Plaintiff, LAURA HURLEY ("Ms. Hurley" or "Plaintiff"),

by and through her undersigned counsel, and sues the Defendant, HIDEAWAY

COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC. ("HCC" or

"Defendant") and alleges the following:

### INTRODUCTION

1.    Plaintiff brings these claims for unpaid overtime under the Fair Labor

Standards Act ("FLSA") and age discrimination against Defendant for its unlawful

termination of Plaintiff based upon her age in violation the ADEA, Section 29 U.S.C.

Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## PARTIES

2. Plaintiff is an adult individual.

3. Plaintiff is protected by the ADEA because:

   a. She is a female over forty (40) years of age who suffered discrimination because of her age by Defendant; and

   b. She suffered an adverse employment action and was subjected disparate treatment based on her age, including being fired because of discrimination by Defendant regarding her age.

4. Defendant is a Florida Not For Profit Corporation that is engaged in the telecommunications industry.

5. At all times material, Defendant employed 20 or more employees.

6. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## FLSA COVERAGE

7. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer"

2

within the meaning of the FLSA.

10. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as golf equipment, kitchen equipment, food, and drinks, but which had come to rest within its location in Lee County, Florida.

### JURISDICTION AND VENUE

15. The Court has original jurisdiction over Plaintiff's ADEA and FLSA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

16. This court has supplemental jurisdiction over the FCRA claims as they

arise out of the same facts and circumstances as her ADEA claims.

17. Venue is proper in the Fort Myers Division of the Middle District of Florida because Defendant conducts substantial business in Lee County, Florida, and Plaintiff worked for Defendant in Lee County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

18. On or around September 25, 2025, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

19. On or around May 12, 2026, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

20. More than 180 days have passed since the filing of the Charge of Discrimination.

21. Plaintiff timely files this action within the applicable period of limitations against Defendant.

22. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

23.    Plaintiff began working for Defendant as an hourly-paid Food and Beverage Manager on August 19, 2023, at an salary of $68,000 per year, which amounts to an average weekly rate of $1307.69.

24.    Plaintiff worked in Lee County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

25.    Plaintiff had no authority to hire or fire employees of HCC.

26.    Plaintiff had no authority to discipline employees of HCC.

27.    Plaintiff had no authority to determine the schedules to be worked by any employees of HCC, or to change the schedules.

28.    Plaintiff had no authority to set rates of pay for other employees or agents of HCC.

29.    All of Plaintiff's major decisions had to be cleared in advance by one of HCC's supervisors.

30.    Plaintiff was closely monitored by HCC's managers and supervisors at all times.

31.    Plaintiff followed procedures established by HCC and did exactly as he was instructed to do.

32.    Based on the foregoing, Defendant unlawfully misclassified Plaintiff as an exempt employee in violation of the FLSA.

33.    Throughout Plaintiff's employment, Defendant regularly required

Plaintiff to work in excess of forty (40) hours per week.

34.    Because defendant paid Plaintiff an estimated weekly rate of $1307.69 for an average of 50 hours per week, her pro-rated hourly wage is around $26.15 of per hour.

35.    Throughout her tenure, Plaintiff worked 50 or more hours per week for Defendant.

36.    Despite this, HCC elected to pay Plaintiff the same salary, and failed to compensate her at her overtime rate when Ms. Hurley worked over 40 hours per week.

37.    From August 19, 2023, until April 30, 2025, Plaintiff worked an average of 10 overtime ("OT") hours per week. Plaintiff is owed 10 OT hours x $13.08 (Half Time Rate) per hour totaling $130.80 per week. Plaintiff estimates approximately 89 weeks remain in the operative FLSA statute of limitations. As such Plaintiff is owed a total of 89 x $ = **$11,641.20** in unliquidated overtime damages, and **$23,282.40**, in liquidated damages, exclusive of attorneys' fees and costs.

38.    Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period.

39.    When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

40.    Plaintiff should have been compensated at the rate of one and one-half

times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

41.    Defendant violated Title 29 U.S.C. §207 in that:

42.    Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

43.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

44.    Defendant failed to maintain proper time records as mandated by the FLSA.

45.    Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

46.    Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

47.    Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

48. Based on the allegations in Paragraphs 45-47, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

49. As to the age discrimination claims, Ms. Hurley was sixty (60) years old when she first began working for HCC.

50. In September of 2024, HCC installed a new younger Manager, Kathy Sands (49 years old) over Ms. Hurley.

51. Ms. Sands swiftly purged HCC of older employees, installing significantly younger individuals in the Pro Shop and elsewhere in the facility.

52. On April 30, 2025, HCC suddenly informed Ms. Hurley that it had decided to terminate her employment, effective immediately.

53. HCC also, around that point in time, fired Bill, an older employee in the Pro Shop, and replaced Bill with a significantly younger individual.

54. HCC replaced Ms. Hurley herself with a Fernando Estrada (39 years old) who had no prior experience.

55. HCC offered no cogent explanation for taking this extreme adverse employment action against Ms. Hurley.

56. It is clear that HCC discriminated against Ms. Hurley based on age.

57. Any other "reason" theorized after the fact by HCC for its termination of Ms. Hurley's employment is a pretext.

58. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

59. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

60. Defendant's decision to replace Ms. Hurley with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

61. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

62. Plaintiff suffered disparate treatment, and ultimately termination, based upon the age discrimination she endured at the hands of the Defendant.

63. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

64. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISPARATE TREATMENT AGE DISCRIMINATION
## IN VIOLATION OF THE ADEA

65. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 6, 15 through 23, and 49 through 64 of the Complaint, as if fully set forth in this Count.

66. Plaintiff was over forty (40) years old when she was terminated.

67. Plaintiff was not terminated for cause.

68. Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

69. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

70. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

71. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

72. Plaintiff had more seniority than the employee who took over her primary job duties.

73. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

74. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

75. Prior to terminating Plaintiff, Defendant did not consult with the EEOC,

Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

**COUNT II**
**DISPARATE TREATMENT AGE DISCRIMINATION**
**IN VIOLATION OF THE FCRA**

76. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 6, 15 through 23, and 49 through 64 of the Complaint, as if fully set forth in this Count.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

78. Plaintiff was over forty (40) years old when she was terminated.

79. Plaintiff was terminated only because of her age, and would not have been terminated, but for her age.

80. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

81. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

82. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

83. Plaintiff had more seniority than the employee who took over her primary job duties.

84. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

87.    Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the FCRA.

88.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat. and provide any additional relief that this Court deems just.

<u>**COUNT III**</u>
<u>**VIOLATION OF 29 U.S.C. §207 OVERTIME**</u>
<u>**COMPENSATION**</u>

89.    Plaintiff reincorporates and re-alleges paragraphs 1, 2, 7 through 14, 23 through 48, 63, and 64 above, as though set forth fully herein, and further alleges as follows:

13

90.    Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

91.    During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

92.    Plaintiff was not an exempt employee as defined by the FLSA.

93.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

94.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in her favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA, award Plaintiff overtime wages for all hours worked, award Plaintiff liquidated damages in an amount equal to the overtime wage award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

**<u>Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing</u>**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Nicholas Vimo*
Nicholas Vimo

15

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of

right by jury.

DATED this 7th day of August 2026.

/s/ Nicholas Vimo
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorney for Plaintiff*

16